**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re:   NORIS SAINTIL

Case No.:   13-17304
Chapter:   13
Judge:   Judge John K. Sherwood

## Notice of Final Cure Payment - Pursuant to F.R.B.P. 3002.1 (f)

### Part 1:  Claim Information

a. Name of holder (or servicer) of claim secured by a security interest in the debtor's principal residence:

US BANK TRUST NA
%BSI FINANCIAL SERVICES
PO BOX 679002
DALLAS, TX  75267-9002

b. Proof of Claim Number on Court's Registry:   6

c. Trustee's Claim Number (if any):   2

### Part 2:  Trustee Certification

I, Marie-Ann Greenberg, the chapter 13 trustee, hereby certify that all payments required to be paid through the Chapter 13 Plan for the benefit of the secured creditor named above, including pre-petition arrears and all other amounts due to be paid to the secured creditor through the Chapter 13 Plan which arose post-petition pursuant to Order or Modified Plan, have been paid in full to the secured creditor.  I further certify that on July 19, 2018 a copy of this notice was served on the debtor(s), debtor's attorney (if any) and the secured creditor at the address noted below.

### Part 3:  Signature

Signature

Date: July 19, 2018

### Part 4:  Service

Notice Mailed to:

Debtor(s):
**NORIS SAINTIL**
**696 AVENUE A 2ND FL**
**BAYONNE, NJ  07002**

Debtor(s)' Counsel:
**FITZGERALD & CROUCH, PC served via CM/ECF**

Creditor (or Creditor's Counsel):
**US BANK TRUST NA**
**%BSI FINANCIAL SERVICES**
**PO BOX 679002**
**DALLAS, TX  75267-9002**

**This Notice of Final Cure Payment informs the holder of the claim of its obligation to file and serve a Response pursuant to F.R.P.B. 3002.1 (g).**

**Part 5: Instructions**

1. **Response to Notice of Final Cure Payment.** Within 21 days after service of the *Notice of Final Cure Payment,* the holder of a claim secured by a security interest in the debtor's principal residence shall file and serve on the debtor, debtor's counsel and trustee, Local Form, *Statement In Response to Notice of Final Cure Payment,* indicating whether (1) it agrees that the debtor has paid in full the amount required to cure the default, and (2) the debtor is otherwise current on all payments consistent with 1322(b)(5) of the Code. The Statement shall itemize any required cure or post-petition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The Statement shall not be subject to Rule 3001(f).

2. **Determination of Final Cure and Payment.** On motion of the debtor or trustee filed within 21 days after service of the Statement given pursuant to paragraph (1) above, the court shall, after notice and hearing, determine whether the debtor has cured the default and paid all requried pre and post-petition amounts.

3. **Failure to Notify.** In addition to the relief accorded pursuant to paragraph (3) above, if the holder of a claim fails to provide information required by paragraph (1) above, the court may, after notice and hearing, take either or both of the following actions:

   i. preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantailly justified or is harmless, or

   ii. award other appropriate relief including reasonable expenses and attorney's fees caused by the failure.